# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PAM BONDI, in her official capacity as Attorney General of the United States, et al.,<br><br>    Defendants. | Civil Action No.<br>1:25-cv-01998-VMC |

## ORDER

This case comes before the Court on Plaintiffs' Motion for Leave to Proceed Using Pseudonyms. (Doc. 18). Plaintiffs ask this Court to be allowed to proceed through fictitious names due to the fear of government retaliation, the sensitive and personal nature of the information in the case, and fear of retaliatory harassment or violence from members of the public. (Doc. 18 at 2–4). Defendants did not raise an objection to Plaintiffs' request to proceed pseudonymously provided that they would receive the Plaintiffs' identifying information in order to investigate the allegations in the Complaint and effectuate any relief, to which Plaintiffs agreed. As such, the Court will grant Plaintiffs' request.

Ordinarily, "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a); *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). This

rule "protects the public's legitimate interest in knowing all of the facts involved, including the identity of the parties." *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir 1992)). The public's interest "creates a strong presumption in favor of parties' proceeding in their own names. Defendants have a right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." *Id.* (citing *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005)).

But the rule that the pleading must name the parties "is not absolute." *Id.* Parties may proceed anonymously if they show "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* at 1315–16 (quoting *Frank*, 951 F.2d at 323). The Eleventh Circuit has identified at least three factors to consider in determining whether a party should be permitted to proceed anonymously: (1) "whether a party is challenging government activity," (2) whether the party "would be compelled, absent anonymity, to disclose information of the utmost intimacy," or (3) "would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020). Along with these factors, a court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."

*In re Chiquita Brands Int'l*, 965 F.3d 1238, 1247 n.7 (11th Cir. 2020) (quoting *Plaintiff B*, 613 F.3d at 1316) (emphasis in original).

The Court finds that Plaintiffs have shown that it is appropriate to allow them to proceed pseudonymously. First, Plaintiffs in this litigation challenge government activity. Second, this litigation involves sensitive and personal information including private information about criminal history and immigration status. Third, disclosure of Plaintiffs' identity to the public could make them subject to retaliatory harassment, violence, or doxing by members of the public. Further, there is no risk of prejudice to Defendants because Plaintiffs will be exchanging identifying information for the purposes of this litigation.

## I. Conclusion

Accordingly, Plaintiffs' Motion for Leave to Proceed Using Pseudonyms (Doc. 18) is **GRANTED**.

**SO ORDERED** this 18th day of April, 2025.

_____
Victoria Marie Calvert
United States District Judge