# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **JANE DOE 1, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| **PAM BONDI** | ) |
| Attorney General of the United States | ) |
| | ) |
| **KRISTI NOEM,** | ) |
| Secretary of Homeland Security | ) |
| | ) |
| **TODD LYONS**, | ) |
| Acting Director of U.S. Immigration and Customs Enforcement | ) |
| | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiffs Jane Doe #1, et. al. ("Plaintiffs") and Defendants ("Defendants") (collectively, "the parties") are required to produce certain records, documents, and information relevant to the above-captioned civil action, and whereas portions of such records, documents, and information are subject to the Privacy Act's limitations on the production of personal information, 5 U.S.C. § 552a, and the privilege and confidentiality limitations of Federal Rules of Civil Procedure 26(b) & (c),

5

IT IS HEREBY ORDERED pursuant to Fed. R. Civ. P. 26(b) & (c), and the Privacy Act, 5 U.S.C. § 552a(b)(11), that:

Plaintiffs seek to protect the personal information and identity of each Plaintiff. This Order is entered to facilitate the disclosure of data, files, and records reasonably calculated to provide Defendants with the information needed to identify the Plaintiffs in Defendants' systems of records, including the SEVIS database, while protecting from public disclosure Plaintiffs' identifying information they designate as Confidential. Documents containing a Plaintiff's information designated "Confidential" are subject to the following conditions:

1. Nothing in this Stipulated Protective Order (Order) shall constitute a waiver by Plaintiffs of any privilege or objection to the production of their Confidential Information.

2. Any documents produced by Plaintiffs subject to this order shall be stamped
    "Confidential -- produced under Protective Order"
   or shall be produced in batches that are Bates numbered under a cover designating by Bates number those pages containing a Plaintiff's Confidential information.

3. All documents produced by Plaintiffs to Defendants that are designated Confidential shall be treated and maintained as such by all persons to whom such documents are disclosed by the receiving party pursuant to the terms of

this Order. Counsel for Defendants shall maintain the security of such documents produced to them and the party they represent. For purposes of this Order, the term "Counsel for Defendants" shall mean: Attorneys for Defendants appearing in this case and Department of Justice and defendant agency attorneys assisting the attorneys appearing in this case, and those attorneys' respective supervisory attorneys and support staff.

4. Information in documents produced by Plaintiffs that is designated as containing a Plaintiff's Confidential Information shall not be disclosed anyone not included in the definition of Counsel for Defendants in any manner whatsoever, except as set forth below.

5. Except where permitted by the local rules, Plaintiffs' Confidential Information may not be filed in Court, whether separately or with or as part of pleadings or other court papers, except under seal. Parties must redact copies of such documents when filed as exhibits to briefs, motions and other documents. Unredacted copies of exhibits consisting of documents Plaintiffs designate as containing Confidential information that are entitled to protection under this Order shall be filed provisionally under seal and shall be accompanied by a motion to file such information under seal. The accompanying motion shall bring to the Courts attention the fact that the information is governed by this

Order. The Court will review, *in camera*, the information for which continued protection is requested to determine if the information shall remain under seal.

6. Documents produced by Plaintiffs' Counsel designated as containing a Plaintiff's Confidential Information pursuant to the terms of this Order may be disclosed only by counsel of record for the disclosing party, or by someone included in the definition of Counsel for Defendants under direction of counsel of record, and may be disclosed only to

    a. expert witnesses and consultants retained by Plaintiff or Defendant, but only to the extent necessary to their services as experts or consultants in this case;

    b. witnesses who will testify about confidential material, as needed to prepare a witness who will testify about such matter, and during such witness's testimony during deposition or trial; disclosure may also be made where needed to examine or cross-examine any witness during trial, or pre-trial depositions, or where needed to provide declarations to support or oppose any motion before the Court;

    c. mediators who, with the consent of both Plaintiff and Defendants, are participating in an effort to resolve this litigation;

    d. Personnel of executive Departments and agencies that are not named defendants as needed to obtain information and documents held by a non-defendant Department or agency relevant to defense of this case.

7. The inadvertent or unintentional disclosure of any Plaintiff's Confidential Information shall not be construed to be a waiver, in whole or in part, of Plaintiffs' claims of confidentiality, either as to the specific confidential information disclosed or as to other related information.

8. This Stipulated Protective Order shall govern pretrial proceedings but shall be subject to modification either before, during, or after the trial on the merits, by consent of the parties, or upon application of any of the parties to this lawsuit and for good cause shown.

9. Nothing in this Order constitutes any decision by the Court concerning the admissibility in evidence of any specific testimony or document, or liability for payment of any costs of production or reproduction. Moreover, this Order does not constitute a waiver by the parties of the right to make any objection permitted by the Federal Rules of Civil Procedure, or any statute or other authority, to the discovery of or admission into evidence of any record or information subject to this Order.

10. Upon the conclusion of this case, Counsel for Defendants shall retain documents received from a Plaintiff under the designation Confidential only to

the extent required to comply with retention requirements of federal law covering disposal of federal documents.

11. Government records containing a Plaintiff's information designated Confidential.

    a. Plaintiff shall provide Counsel for Defendants in writing a list of data points that Plaintiffs include to define their Confidential information for purposes of this order.

    b. Any federal records that Defendants produce to a Plaintiff in this case containing data points specified by Plaintiffs under the preceding paragraph shall be subject to the provisions of paragraph 5 of this Order.

12. Notwithstanding the foregoing provisions, nothing in this Order shall be construed to apply to any court personnel in regard to their routine use and handling of materials otherwise subject to the requirements hereof.

AND IT IS SO ORDERED this __21st__ day of April 2025.

_____
Honorable Victoria M. Calvert
UNITED STATES DISTRICT JUDGE